## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PANDORIA SHIRD, on behalf of herself and all similarly situated persons, | ) ) C.A. No. _____ |
| Plaintiffs, | ) ) **Collective and Class Action** ) **Complaint** |
| v. | ) ) |
| DUKE ENERGY CORPORATION, | ) **Jury Trial Demanded** ) |
| Defendant. | ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Pandoria Shird, individually and on behalf of all others similarly situated, by the undersigned attorneys, alleges the following claims against Defendant Duke Energy Corporation ("Duke Energy"):

## NATURE OF THE ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") on behalf herself and all current and former Customer Service Representatives, Associate Customer Care Specialists, and Customer Care Specialists (hereinafter, regardless of precise title, referred to as "CSRs") who work and/or worked for Duke Energy anywhere in the United States from April 29, 2019 to the date of judgment in this Action[1] (the "Collective" or "Collective Action Members").

2. Duke Energy violated the FLSA by failing to pay Plaintiff and the Collective Action Members premium overtime compensation. Plaintiff and the Collective Action Members are entitled to unpaid overtime compensation from Duke Energy for all hours worked by them in

---

[1] The Parties previously entered into a tolling agreement which was effective on April 29, 2019, and which expired on July 21, 2022.

1

excess of forty (40) hours in a workweek, and they are also entitled to liquidated damages pursuant to the FLSA.

3. Duke Energy is an American electric power and natural gas holding company incorporated in Delaware and headquartered in Charlotte, North Carolina.

4. Duke Energy employs CSRs at call center locations nationwide and uniformly classifies them as non-exempt from the FLSA's overtime compensation requirements.

5. CSRs are responsible for customer service, assisting with electrical outages and scheduling repairs, resolving issues, and handling inquiries.

6. CSRs prepare for, receive, and respond to incoming calls; perform customer service; review and respond to e-mails; and listen and respond to messages.

7. Pursuant to a uniform, companywide policy and practice, Duke Energy failed to accurately track or record the actual hours worked by its CSRs. Duke Energy furthered this wrongful policy by: (i) failing to provide CSRs with a way to accurately record all of the time they actually worked and (ii) permitting CSRs to work before they "clock in" to Duke Energy's timekeeping system without compensation.

8. Specifically, Duke Energy's timekeeping system and practices cause CSRs to work "off-the-clock" without pay. Duke Energy does not track CSRs' time until they clock in. However, it takes approximately 7 to 10 minutes each shift (longer when CSRs experience any computer issues) for CSRs to start their computers and load applications, which are necessary to perform their principal duties, before they are permitted to clock into Duke Energy's timekeeping system and start being paid.

9. Duke Energy fails to pay CSRs for this "boot up" time as required by the FLSA. *See* United States Department of Labor Fact Sheet # 64.

10. Duke Energy's systematic failure and refusal to pay Plaintiff and all other similarly situated CSRs for all hours worked over 40 in a workweek violates the FLSA.

11. Duke Energy also requires that Plaintiff, the Collective members, and the North Carolina Class (as defined below in paragraph 13) undergo an extensive new hire training program before they become CSRs. During this multi-week program, CSRs learn how to identify different types of service boxes (transformers), voltages and wattage, payment processing, how to deal with outages, and customer service strategies. CSRs must pass quizzes and exams during the training program in order to become CSRs. Duke Energy requires that CSRs study training materials to pass quizzes and exams but does not pay Plaintiff, Collective members, and the North Carolina Class for this time studying outside of the classroom.

12. Plaintiff alleges on behalf of herself and all similarly situated current and former CSRs, however variously titled, employed by Duke Energy in the United States during the applicable statute of limitations period and who elect to opt in to this action pursuant to the FLSA, that they are entitled to: (i) unpaid wages for unpaid hours worked in excess of 40 in a workweek during the training period and after the training period as CSRs; (ii) liquidated damages; and (iii) reasonable attorneys' fees and costs, pursuant to the FLSA.

13. Plaintiff further complains, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and a class of other similarly situated current and former CSRs employed by Duke Energy at its North Carolina locations during the applicable statute of limitations period (the "North Carolina Class"), that they are entitled to back wages from Defendant for unpaid hours worked including unpaid overtime hours worked (during their new hire training period and after their training period as CSRs) in excess of 40 in a workweek as required by, and pursuant to the requirements of, North Carolina Wage and Hour Act (N.C.G.S. § 95-25.1 *et seq.*) (the "NCWHA").

## THE PARTIES

### *Plaintiff*

14. Plaintiff Pandoria Shird ("Shird"), a resident of Lumberton, North Carolina, was employed by Duke Energy, as a CSR at Duke Energy's Lumberton, North Carolina location.

15. Plaintiff Shird worked for Duke Energy as a CSR from approximately September 2021 to January 2022.

16. Pursuant to Duke Energy's policy, pattern or practice, Plaintiff regularly performed work as a CSR for Duke Energy's benefit without receiving all legally mandated compensation. Specifically, Duke Energy did not pay Plaintiff compensation, including overtime compensation, for all hours she worked during training and thereafter as a CSR, including overtime hours in excess of 40 hours in a workweek, in violation of the FLSA and the NCWHA.

17. Plaintiff's written Consent to Join this action is attached as **Exhibit A**.

### *Defendant*

18. Duke Energy, Inc. is a Delaware corporation with its principal place of business located in Charlotte, North Carolina.

19. Duke Energy employed Plaintiff and other similarly situated current and former CSRs and, at all material times, directly and/or indirectly, jointly or severally, controlled and directed Plaintiff's and the Collective Action Members' and North Carolina Class' terms of employment and compensation.

20. Duke Energy had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former CSRs, including, without limitation, those terms and conditions relating to the claims alleged herein.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1337 and 1367.

22. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. § 201 *et seq.*, pursuant to 29 U.S.C. § 216(b).

23. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 216(b).

24. Duke Energy is subject to personal jurisdiction in Delaware as a Delaware corporation.

25. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to her FLSA claims that they form part of the same case or controversy.

26. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1391 because Defendant is incorporated in this District.

27. Duke Energy is a covered employer within the meaning of the FLSA and NCWHA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings FLSA overtime claims on behalf of herself and all similarly situated persons who work or have worked for Duke Energy as CSRs from April 29, 2019, to the date of judgment in this Action who elect to opt in to this Action.

29. Duke Energy is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective Action Members for all overtime hours worked. There are many similarly situated current and former CSRs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the

5

opportunity to join the present lawsuit. Those similarly situated CSRs are known to Duke Energy, are readily identifiable, and can be located through Duke Energy's records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

30. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

31. Plaintiff brings her North Carolina state law claims on behalf of all persons who were employed by Defendant, in the State of North Carolina, during the applicable statutory period to the entry of judgment in this case (the "Class Period"), who held the position of CSR and other comparable positions with different titles, who did not receive compensation from Defendant for all hours and all overtime hours worked, who were not paid all legally required regular wages and overtime wages during their training period and after their training period as CSRs (the "North Carolina Class").

32. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 100 members of the North Carolina Class during the Class Period.

33. The claims of Plaintiff are typical of the claims of the North Carolina Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

34. Duke Energy has acted or refused to act on grounds generally applicable to the North Carolina Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the North Carolina Class as a whole.

35. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

36. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the North Carolina Class.

37. There are questions of law and fact common to the North Carolina Class which predominate over any questions solely affecting the individual members of the North Carolina Class, including but not limited to:

(a) what proof of hours worked is sufficient where employers fail in their duty to maintain accurate time records;

(b) whether Duke Energy failed and/or refused to pay the members of the North Carolina Class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the NCWHA;

(c) whether Duke Energy is liable for all damages claimed hereunder, including but not limited to compensatory, statutory, interest, costs and disbursements, and attorneys' fees and costs; and

(d) whether Duke Energy should be enjoined from violating the NCWHA.

## FACTUAL ALLEGATIONS

38. Plaintiff, the Collective Action Members, and the North Carolina Class worked for Duke Energy as CSRs and regularly worked more than 40 hours a week during their training period and after their training period as CSRs.

39. During new hire training, Duke Energy requires that the Plaintiff, the Collective

Action Members, and the North Carolina Class learn how to identify different types of service boxes (transformers), knowing voltages and wattage, payment processing, dealing with outages, and customer service strategies. Duke Energy also requires that CSRs must pass quizzes and exams during the training program in order to become CSRs. Duke Energy requires that Plaintiff, the Collective Action Members, and the North Carolina Class study training materials to pass quizzes and exams but Duke Energy does not pay Plaintiff, the Collective Action Members, and the North Carolina Class for this time studying outside of the classroom.

40. Duke Energy failed to pay Plaintiff, the Collective Action Members, and the North Carolina Class all compensation due and owing to them for all hours worked, including all overtime compensation due for the hours they worked in excess of 40 in a workweek. Plaintiff's, the Collective Action Members' and the North Carolina Class' time worked is not tracked until they enter their time on a computer. However, Plaintiff, the Collective Action Members and the North Carolina Class perform and/or performed work without compensation both before they clock in on their computers. Such off-the-clock work includes booting up their computers and loading computer applications necessary to perform their principal duties as CSRs.

41. Duke Energy failed to keep accurate records of all of the hours worked by Plaintiff, the Collective Action Members, and the North Carolina Class.

42. Throughout the relevant period, it has been Duke Energy's policy, pattern or practice to require, suffer, or permit Plaintiff, the Collective Action Members, and the North Carolina Class to work in excess of 40 hours per week without paying them premium overtime compensation.

43. Duke Energy assigned all of the work that Plaintiff, the Collective Action Members, and North Carolina Class performed and/or Duke Energy was aware of the work that they performed.

8

44. Plaintiff, the Collective Action Members, and the North Carolina Class performed the same or similar primary job duties, which are non-exempt.

45. Duke Energy has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA, and applicable state law, with respect to Plaintiff, the Collective Action Members, and the North Carolina Class, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Duke Energy. This policy, pattern or practice includes but is not limited to:

- (a) willfully failing to record all of the time that Plaintiff, the Collective Action Members, and the North Carolina Class have worked for the benefit of Duke Energy;
- (b) willfully failing to keep accurate payroll records as required by the FLSA and North Carolina law;
- (c) willfully failing to credit Plaintiff, the Collective Action Members, and the North Carolina Class for all hours worked and all overtime hours worked, consistent with the requirements of the FLSA and North Carolina law;
- (d) willfully failing to pay Plaintiff, the Collective Action Members, and the North Carolina Class overtime compensation for hours that they worked in excess of 40 hours per workweek; and
- (e) willfully failing to pay Plaintiff and the North Carolina Class compensation for all non-overtime hours worked in violation of North Carolina law.

46. Duke Energy has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA and North Carolina law, and applicable Duke Energy is aware or should have been aware that federal and state law required them to pay their employees performing non-exempt duties for all hours worked, including paying them an overtime premium for all hours worked in excess of 40 hours per workweek.

47. Duke Energy's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Violation of the FLSA**
**Failure to Pay Overtime Wages**
**(By Plaintiff on Behalf of FLSA Collective)**

48. Plaintiff realleges and incorporates by reference all preceding paragraphs and allegations.

49. Duke Energy has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA, and applicable Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

50. Duke Energy has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the Collective, as detailed in this Complaint.

51. At all relevant times, Plaintiff and Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Duke Energy.

53. Duke Energy is an employer of Plaintiff and the Collective Action Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

55. Duke Energy has failed to pay Plaintiff and the Collective Action Members all overtime compensation to which they are/were entitled under the FLSA.

56. Duke Energy has failed to keep accurate records of time worked by the Plaintiff and the Collective Action Members.

57. Duke Energy's violations of the FLSA, as described in this Class and Collective Action Complaint, have been, and continue to be, willful and intentional.

58. Duke Energy is aware of its obligations under the FLSA but did not make a good faith effort to comply with the FLSA with respect to its time keeping and compensation of Plaintiff and the Collective Action Members.

59. Because Duke Energy's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity, or operation of law.

60. As a result of Duke Energy's willful violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
Violation of the NCWHA
Failure to Pay All Wages Due
(By Plaintiff on Behalf of the North Carolina Class)

61. Plaintiff realleges and incorporates by reference all preceding paragraphs and allegations.

62. At all relevant times, Plaintiff and the North Carolina Class were employees within the meaning of N.C.G.S. § 95-25.2(4).

63. At all relevant times, Defendant was an employer of Plaintiff and the North Carolina Class within the meaning of N.C.G.S. § 95-25.2(5).

64. N.C.G.S. § 95-25.3(a) requires Defendant to pay its employees an hourly rate equal to or greater than the minimum wage.

65. N.C.G.S. § 95-25.6 requires Defendant to pay its employees for all hours worked.

66. N.C.G.S. § 95-25.2(8) defines "hours worked" as "all time an employee is employed." In turn, the statute defines "employ" to mean to "suffer or permit to work." N.C.G.S. § 95-25.2(3).

67. Defendant implemented a policy and practice whereby Plaintiff and the North Carolina Class worked unpaid time during their training period to complete required studying for quizzes and exams outside of the classroom.

68. Moreover, Defendant also implemented a policy whereby Plaintiff and the North Carolina Class were not paid for time spent booting up their computers and loading necessary computer programs and applications to be ready to take calls from Defendant's customers.

69. By failing to pay Plaintiff and the North Carolina Class their earned wages, including wages for time worked before their scheduled shifts, study time during the training program, and earned overtime wages, Defendant failed to pay Plaintiff and the North Carolina Class the full amount of their earned wages when the same became due and payable.

70. Pursuant to N.C.G.S. § 95-25.22(a), (a1) and (d), Defendant's failure to comply with N.C.G.S. § 95-25.6 entitles Plaintiff and the North Carolina Class to recover the full amount of their unpaid wages, as well as liquidated damages in an amount equal to the amount found to be due, along with interest, reasonable attorneys' fees, and costs.

71. Plaintiff and the North Carolina Class further seek declaratory relief stating Defendant has violated and is in violation of N.C.G.S. § 95-6 for failing to compensate Plaintiff and the North Carolina Class for the full amount of their earned wages when the same became due and payable.

72. Wherefore, Plaintiff and the North Carolina Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of N.C.G.S. § 95-25.3
### (By Plaintiff on Behalf of the North Carolina Class)

73. Plaintiff realleges and incorporates by reference all preceding paragraphs and allegations.

74. Duke Energy has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the NCWHA.

75. The N.C.G.S. § 95-25.3(a) prohibits employers from paying employees less than the minimum fair wage for all hours worked.

76. N.C.G.S. § 95-25.3(a) ties the North Carolina minimum wage to the federal minimum wage as provided in the FLSA, which is currently $7.25 per hour.

77. Defendant's conduct, as set forth above, in failing to pay Plaintiff and the North Carolina Class at least the minimum fair wage for all hours worked, including time worked before their scheduled shifts, study time during the training program, and earned overtime wages, violates N.C.G.S. § 95-25.3(a).

78. Pursuant to N.C.G.S. § 95-25.22(a), (a1) and (d), Defendant's failure to comply with N.C.G.S. § 95-25.3 entitles Plaintiff and the North Carolina Class to recover the full amount of their unpaid wages, as well as liquidated damages in an amount equal to the amount found to be due, along with interest, reasonable attorneys' fees, and costs.

79. Wherefore, Plaintiff and the North Carolina Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### Failure to Pay Overtime Wages Due in Violation of N.C.G.S. § 95-25.4(a)
### (By Plaintiff on Behalf of the North Carolina Class)

80. Plaintiff realleges and incorporates by reference all preceding paragraphs and allegations.

81. The N.C.G.S. § 95-25.4(a) states that every employer "shall pay each employee who works longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay of the employee for those hours in excess of 40 per week."

82. Defendant's conduct, as set forth above, in failing to pay Plaintiff and the North Carolina Class overtime wages which they earned as a result of their employment, violates N.C.G.S. § 95-25.4(a).

83. Pursuant to N.C.G.S. § 95-25.22(a), (a1) and (d), Defendant's failure to comply with N.C.G.S. § 95-25.4(a) entitles Plaintiff and the North Carolina Class to recover the full amount of their unpaid wages, as well as liquidated damages in an amount equal to the amount found to be due, along with interest, reasonable attorneys' fees, and costs.

84. Plaintiff and the North Carolina Class further seek declaratory relief stating Defendant has violated and are in violation of N.C.G.S. § 95-25.4(a) for failing to compensate Plaintiff for the full amount of their earned overtime wages when the same became due and payable.

85. Wherefore, Plaintiff and the North Carolina Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### Failure to Pay All Wages Due Upon Separation
### in violation of N.C.G.S. § 95-25.7
### (By Plaintiff on Behalf of the North Carolina Class)

14

86. Plaintiff realleges and incorporates by reference all preceding paragraphs and allegations.

87. The N.C.G.S. § 95-25.7 states, in relevant part, that "[e]mployees whose employment is discontinued for any reason shall be paid all wages due on or before the next regular payday."

88. As described above, Defendant enacted policies and practices that deprived Plaintiff and the North Carolina Class compensation for all hours worked. As a result, Defendant failed to pay Plaintiff and the North Carolina Class all wages due and owing after separation from employment in violation of N.C.G.S. § 95-25.7.

89. In failing to pay all wages due upon separation from employment, Defendant acted as a free agent, determined its own actions, was not responsible to, nor coerced by any other person, entity or authority. Defendant knew that it possessed information regarding hours worked and the amount of wages due to Plaintiff and the North Carolina Class at the date of separation. Defendant was capable of timely paying all wages earned and due.

90. Defendant's failure to make payment of Plaintiff and the North Carolina Class's final wages when due was willful and continuous.

91. Pursuant to N.C.G.S. § 95-25.22(a), (a1) and (d), Defendant's failure to comply with N.C.G.S. § 95-25.7 entitles Plaintiff and the North Carolina Class to recover the full amount of their unpaid wages, as well as liquidated damages in an amount equal to the amount found to be due, along with interest, reasonable attorneys' fees, and costs.

92. Plaintiff and the North Carolina Class further seek declaratory relief stating Defendant has violated and are in violation of N.C.G.S. § 95-25.7 for failing to pay all wages due upon separation.

93. Wherefore, Plaintiff and the North Carolina Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
### Failure to Furnish Accurate and Itemized Wage Statements
### in violation of N.C.G.S. § 95-25.13
### (By Plaintiff on Behalf of the North Carolina Class)

94. Plaintiff realleges and incorporates by reference all preceding paragraphs and allegations.

95. The N.C.G.S. § 95-25.13(2) states, in relevant part, that every employer shall make available to its employees in writing or through posted notice "employment practices and policies with regard to promised wages."

96. Upon information and belief, Defendant does not make available its employment practices and policies with regard to promised wages, and even it attempts to do so, such notice is willfully misleading and insufficient as to promised wages for all hours worked.

97. In addition, N.C.G.S. § 95-25.13(4) states, in relevant part, that every employer shall "[f]urnish each employee with an itemized statement of deductions made from that employee's wages."

98. By failing to keep proper records of the hours worked by Plaintiff and the North Carolina Class and issuing pay stubs that do not indicate the accurate total number of hours worked, including by failing to show deductions from the number of total hours worked, Defendant violated N.C.G.S. § 95-25.13(4).

99. Defendant's violation of N.C.G.S. § 95-25.13(4) entitles Plaintiff and the North Carolina Class to injunctive relief.

100. Wherefore, Plaintiff and the North Carolina Class request relief as hereinafter provided.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Collective and the North Carolina Class, prays for the following relief:

A.  At the earliest possible time, Plaintiff should be allowed to give notice of this class and collective action, or the Court should issue such notice, to all Collective Action Members and members of the North Carolina Class who are/were employed by Defendant during the applicable statute of limitations.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B.  Certification of the North Carolina law claims in this action as a class action;

C.  Unpaid wages, overtime wages, liquidated damages, statutory and other penalties in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.*, the supporting United States Department of Labor regulations, and North Carolina law as well as Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

D.  An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

E.  Pre and post-judgment interest;

F.  A reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other CSRs, and the risks she has undertaken;

G.  Designation of Plaintiff Shird as Class Representative and Plaintiff's counsel as class counsel;

H.  An award of damages, appropriate statutory penalties and damages, and restitution to be paid by Defendant according to North Carolina law according to proof;

I.  Attorneys' fees and costs of the action, including expert fees; and

      J.      Injunctive, equitable, or other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by this Collective and Class Action Complaint.

    Respectfully submitted,

    */s/ Matthew F. Boyer*
    Matthew F. Boyer (DE Bar 2564)
    Aaron M. Shapiro (DE Bar 3859)
    Lauren P. DeLuca (DE Bar 6024)
    Connolly Gallagher LLP
    1201 Market Street, 20th Floor
    Wilmington, DE 19801
    (302) 884-6585
    mboyer@connollygallagher.com
    ashapiro@connollygallagher.com
    ldeluca@connollygallagher.com

*Of Counsel*
Gregg I. Shavitz
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Tel: (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com

Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
447 Madison Avenue, 6th Floor
New York, NY 10022
Tel: (561) 447-8888
Fax: (561) 447-8831
mpalitz@shavitzlaw.com

DATED:  July 29, 2022

    *Attorneys for Plaintiff and the Putative Collective and Class*